UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TIM ANDERSON,

    Plaintiff,

v.                                                      Case No. 3:17cv953-RV-CJK

STRIPE, INC.,
a Delaware Corporation,

    Defendant.
_____/

REPORT AND RECOMMENDATION

This matter is before the court on defendant's motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted (doc. 11).[1] As defendant indicates in its motion, this is one of a number of lawsuits plaintiff has filed regarding the alleged "disruption" of his taxicab business as a result of ridesharing companies, such as Uber and Lyft, and their providers.[2] Plaintiff claims defendant

---

[1] Plaintiff is proceeding *pro se*.

[2] On June 26, 2018, plaintiff was arrested for first-degree premeditated murder and petit theft in connection with the death of an Uber driver in Okaloosa County, Florida. Plaintiff pled not guilty to the charges and remains in jail without bond. *See* http://www3.co.okaloosa.fl.us/ArchonixXJailPublic/DetailPages/InmateDetails.aspx?ReferenceID=7899&InmateID=159143.

Case No: 3:17cv953-RV-CJK

is an "application program interface (API) that 'lyft' uses to collect payments from riders and distribute funds to drivers for carrying passengers for a fee." Doc. 1 at p. 2. Plaintiff says that on June 1, 2015, he "sent notification to Stripe.com to terminate allowing Lyft to collect funds for illegal activity" and that Stripe failed "to interrupt Lyfts service," causing him to "lose about $100,000 in 2 years of taxi income since they began targeting the Northern District." Doc. 1 at p. 2. Plaintiff states that, "[t]o be reasonable, he is suing all the APIS involved, and therefore, is seeking compensatory damages in the amount of $25,000 for his income loss at this time." Doc. 1 at p. 2.

Defendant moved to dismiss plaintiff's complaint with prejudice, arguing plaintiff failed to state a claim upon which relief can be granted as plaintiff failed to allege defendant acted unlawfully and failed to specify any cause of action against defendant. In response to defendant's motion, plaintiff submitted correspondence to the undersigned, stating "I would immediately grant the motions for preliminary injunctive relief, and order the cited companies above to mail a cashier's check overnight morning delivery for the amount of $75,000 until the plaintiff can lawyer up and have attorney finish the case. I provided you with everything you need." Doc. 17 at p. 1. Plaintiff continued "Uber won't have enough money to pay the damages

alone. These cited companies are at fault and responsible for the debt." Doc. 17 at p. 1. Plaintiff included a copy of the undersigned's order allowing him 14 days in which to respond to the motion with a handwritten note on the bottom stating "I would not do that if I were you. Don't close case. Reply to Letter." Doc. 17 at p. 2.

In considering a motion to dismiss for failure to state a claim, the court reads plaintiff's *pro se* allegations in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), accepts all factual allegations in the complaint as true, and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994). A few exceptions exist to this rule, such as where the facts alleged are internally inconsistent or where they run counter to facts of which the court can take judicial notice. 5B Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1357 (2008). Further, only <u>well-pleaded</u> factual allegations are taken as true and only <u>reasonable</u> inferences are drawn in favor of the plaintiff. *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *see also Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). Mere "labels and conclusions" are not accepted as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*citing Papasan v. Allain*,

478 U.S. 265, 286 (1986)) (noting courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009) (explaining that conclusory allegations are not entitled to a presumption of truth).

As the Supreme Court reiterated in *Iqbal*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, or, "nudge[] the[] claim[] across the line from conceivable to plausible[.]" *Id.* at 570.

Here, plaintiff has wholly failed to allege facts sufficient to state an even arguably viable claim against defendant. As defendant asserts, plaintiff has not alleged any unlawful conduct by defendant and has not specified any cause of action

Case No: 3:17cv953-RV-CJK

against it.  Instead, plaintiff's complaint consists of nothing "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Iqbal*, 556 U.S. at 678, which is insufficient to survive dismissal for failure to state a claim.  *Id.*  Furthermore, it is evident plaintiff cannot cure the deficiencies by filing an amended complaint.  *See Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003) (Generally, "a district court must grant a plaintiff at least one opportunity to amend their claims before dismissing them if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend.") (quotation omitted).

Accordingly, it is respectfully RECOMMENDED:

1.    That Defendant's Motion to Dismiss (doc. 11) be GRANTED in part and that this case be DISMISSED for plaintiff's failure to state a claim upon which relief can be granted.[3]

2.    That all pending motions be DENIED as moot.

2.    That the Clerk be directed to close the file.

---

[3] As set forth above, defendant requested dismissal with prejudice.

Case No: 3:17cv953-RV-CJK

At Pensacola, Florida this 21st day of August, 2018.

/s/ Charles J. Kahn, Jr.
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No: 3:17cv953-RV-CJK